# Commonwealth, Appellant, *v.* Short.

*Newspapers—Names of proprietors and editors—Act of May 2, 1907, P. L.* 157.

1. The Act of May 2, 1907, P. L. 157, is a valid exercise of the police power of the state, and is applicable to a weekly newspaper.

2. Printing at the top of the reading matter of a newspaper the words: "Clearfield Republican, John F. Short, Editor. Clearfield Republican Publishing Company, Publishers," is not a sufficient compliance with the act of 1907. In such a case if the company is a partnership, the names of the partners should be given, if a limited partnership, the names of the partners, officers and managers, and if a corporation, the names of the president, treasurer and secretary.

Argued Oct. 29, 1908. Appeal, No. 172, Oct. T., 1908, by plaintiff, from order of Q. S. Clearfield Co., Feb. T., 1908, No. 30, arresting judgment on verdict of guilty in case of Commonwealth v. John F. Short. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Reversed.

Indictment for violating the provisions of the Act of May 2, 1907, P. L. 157, in failing to print the name or names of the proprietor of a newspaper. Before A. O. Smith, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment was arrested. The commonwealth appealed.

*Error assigned* was the order of the court in arresting the judgment.

*A. L. Cole,* with him *James H. Kelley,* district attorney, and *A. M. Liveright,* for appellant.

*Singleton Bell,* with him *H. B. Hartswick,* for appellee.

Opinion by Morrison, J., March 8, 1909:

The defendant was found guilty as the owner, proprietor and editor of a weekly newspaper published in Clearfield county and

failing to publish in a conspicuous position, as required by the Act of May 2, 1907, P. L. 157, the name or names of the owner, owners, proprietor or proprietors of said newspaper, together with the name of the managing editor thereof.    After verdict, on motion of the defendant's counsel, the learned court below arrested judgment and discharged the defendant, and from this judgment the commonwealth appealed.

The reasons assigned, in the court below, for the arrest of judgment were the following: 1. The Act of May 2, 1907, P. L. 157, is not a valid exercise of the police power.  2. The act does not apply to a weekly newspaper.  3. The purpose of the act being to give notice to the public who are the persons interested either as owner, proprietor or editor, and John F. Short being the sole owner, proprietor and editor, the printing of his name at the designated point is a sufficient compliance with the act.

The assignments of error raise the validity of the arrest of judgment and the action of the court in discharging the defendant.    The question involved is stated thus: "Did the defendant, both the owner and editor of a weekly newspaper, comply with the Act of May 2, 1907, P. L. 157, by placing his name at the top of the editorial page as editor, and at the same place the 'Clearfield Republican Publishing Company' as publishers, without in any way indicating his identity or connection with said publishing company?"

The act of assembly in question is entitled: "An act requiring all newspapers published in this Commonwealth to print, in a conspicuous place, in every issue, the name of the owners, proprietors, or publishers, and the managing editors of the same; and making a violation of this act a misdemeanor and fixing the penalty therefor."

Sec. 1.  "Be it enacted, etc., That from and after the passage of this act, every newspaper published in this Commonwealth, whether it be published monthly, bi-weekly, semi-weekly, or daily, or whether such publication be at regular or irregular intervals, shall publish in every copy of each issue, on the editorial page, in a conspicuous position, at the top of the reading matter, the name or names of the owner, owners, proprietor or proprietors of such newspapers; together with

the name of the managing editor thereof; and if said newspaper or newspapers shall be owned or published by a corporation, then the name of the corporation shall be published, together with the names of the president, secretary, and treasurer, and managing editor thereof; and if the said newspaper or newspapers shall be owned or published by a partnership, or partnerships limited, then the name of the partners and officers and managers of said partnership, or partnerships limited, shall be published in like manner."

The first reason assigned by the defendant's counsel in arrest of judgment is: "The Act of May 2, 1907, P. L. 157, is not a valid exercise of the police power." This reason was overruled by the learned judge below, he holding with the commonwealth and against the defendant's contention. We are all of the opinion that the act in question is well within the police power of the legislature. It is a matter of common knowledge that the publication of libelous, slanderous and improper articles in public newspapers tends to create breaches of the peace, riots and sometimes bloodshed. That the legislature is vested with police power to enact proper laws to regulate and restrain such publications seems too clear to require extended argument. Such power is universally recognized to be lodged in the legislature. It is evident that the legislative mind considered that the act of May 2, 1907, would tend to restrain improper publications by reason of the requirements that the names of the owners and managing editors must appear in a conspicuous place in each issue of every newspaper published in this commonwealth. No sufficient reason is apparent justifying the courts in holding that the act in question will not tend to remedy the evils at which it is aimed. If it will or may have that effect, it is a proper exercise of the police power unless there is something illegal or unreasonable in the provisions of the act. We discover no hardship or unreasonable burden imposed, by the act, upon the publishers and editors of newspapers. The act applies to all of them and we see no good reason for striking it down.

What is a proper exercise of the police power is a question for the courts, though large discretion is left with the legisla-

ture: Com. v. Vrooman, 164 Pa. 306. The same decision and many others hold that the legal presumption is in favor of the constitutionality of an act, because the act expresses the judgment of the legislative branch of the government upon the question with which it deals.

In Beer Co. v. Massachusetts, 97 U. S. 25, it was said: "However difficult it may be to render a satisfactory definition of it (the police power) there seems to be no doubt that it does extend to the protection of the lives, health and property of the citizens, and to the preservation of good order and the public morals."

In Lawton v. Steele, 152 U. S. 133, it is said: "The extent and limits of what is known as the police power has been a fruitful subject of discussion in the appellate courts of nearly every state in the union. It is universally conceded to include everything essential to the public safety, health, and morals, and to justify the destruction or abatement, by summary proceedings, of whatever may be regarded as a public nuisance." Then follows an enumeration of matters and things falling under this power. The court then continues: "Beyond this, however, the state may interfere wherever the public interests demand it, and in this particular a large discretion is necessarily vested in the legislature to determine, not only what the interests of the public require, but what measures are necessary for the protection of such interests."

We deem it unnecessary to. cite further authorities as we are all of the opinion that the act in question should be upheld as a proper exercise of the police power.

The next reason is: "The act does not apply to a weekly newspaper." Considering the title of the act and the language of the first section thereof convinces us that it is broad enough to include weekly newspapers. The title reads: "An act requiring all newspapers published in this Commonwealth," etc. Then in the first section of the act we find: "That from and after the passage of this act, every newspaper published in this Commonwealth," etc. It is true that in the enumeration of the papers in the first section the weekly issue is omitted. But that is doubtless a clerical error. When we consider the

mischief that the act was designed to correct and the language of its title, which must be considered a part of the act, and the language of the act itself, to wit, every newspaper published in this commonwealth, we are led to the conclusion that the provisions of the act apply to a weekly newspaper. The act so plainly indicates the purpose to have it apply to all newspapers that we would be doing violence to the plain legislative intent were we to permit a mistake of some copyist to nullify it as to weekly newspapers. The learned court below held that the act included all newspapers and in this view we concur.

This brings us to the third reason on which the learned court arrested the judgment and discharged the defendant. The reasons given by the court in his decision are not convincing. The requirements of the act of assembly are very plain. The defendant did comply with its requirements in so far as to publish in the proper place the name of the editor of the paper as follows: "Clearfield Republican, John F. Short, Editor." Then follows: "Clearfield Republican Publishing Company, Publishers." This embraces all that is said in regard to the names of the owner, owners, proprietor or proprietors of the newspaper. If it is a partnership, the names of the partners should have been given. If owned by a limited partnership, the same rule would apply and the names of the partners, officers and managers of the partnership, or partnership limited, should be given. . If the Clearfield Republican Publishing Company is a corporation, the names of the president, secretary and treasurer should have been given. In brief, we consider the attempt of the defendant to comply with the act of assembly in question a failure in so far as a disclosure of anything except the name of the editor is attempted.

The assignments of error are sustained and the judgment is reversed, and it is now ordered and directed that the record be remitted to the court below, and that the defendant appear forthwith before the court of quarter sessions of Clearfield County, and that court is directed to enter the proper judgment enforcing the penalty prescribed by the act of assembly.