# Commonwealth *v.* Short, Appellant.

*Criminal law—Newspapers—Failure to publish owner's name—Act of May 2, 1907, P. L. 157.*

1. The Act of May 2, 1907, P. L. 157, is a valid exercise of the police power of the state, and is applicable to a weekly newspaper.

2. Printing at the top of the reading matter of a newspaper the words: "Clearfield Republican, John F. Short, Editor. Clearfield Republican Publishing Company, Publishers," is not a sufficient compliance with the act of 1907. In such case if the company is a partnership, the names of the partners should be given, if a limited partnership, the names of the partners, officers and managers, and if a corporation, the names of the president, treasurer and secretary.

Argued April 18, 1910. Appeal, No. 169, Jan. T., 1909, by defendant, from judgment of Superior Court, Oct. T., 1908, No. 122, reversing order of Q. S. Clearfield Co., Feb. T., 1908, No. 30, arresting judgment on verdict of guilty in case of Commonwealth v. John F. Short. Before Brown, Mestrezat, Potter, Stewart and Moschzisker, JJ. Affirmed.

Appeal from Superior Court.

*Error assigned* was the judgment of the Superior Court.

*Singleton Bell,* with him *Howard B. Hartswick,* for appellant.

*A. M. Liveright,* with him *James H. Kelley,* district attorney, and *A. L. Cole,* for appellee.

Per Curiam, May 16, 1910:

The defendant below was convicted in the court of quarter sessions of Clearfield county of a violation of the Act of May 2, 1907, P. L. 157, which requires all newspapers published in this commonwealth to print, in a conspicuous place, in every issue, the names of the owners, proprietors or publishers and the managing editors of the same. Judgment on the verdict was arrested by the

court below, three reasons having been assigned in support of the motion to stay it: (1) The act of May 2, 1907, is not a valid exercise of the police power; (2) the act does not apply to a weekly newspaper; (3) the purpose of the act being to give notice to the public who are the persons interested either as owner, proprietor or editor, and John F. Short being the sole owner, proprietor and editor, the printing of his name at the designated point is a sufficient compliance with the act. The first two reasons were not regarded as good, but the third was. On the commonwealth's appeal to the Superior Court (38 Pa. Superior Ct. 562) it was properly held by that court that the third was no better than the other two, and nothing need be added to the following said of it by Judge MORRISON: "This brings us to the third reason on which the learned court arrested the judgment and discharged the defendant. The reasons given by the court in his decision are not convincing. The requirements of the act of assembly are very plain. The defendant did comply with its requirements in so far as to publish in the proper place the name of the editor of the paper as follows: 'Clearfield Republican, John F. Short, Editor.' Then follows: 'Clearfield Republican Publishing Company, Publishers.' This embraces all that is said in regard to the names of the owner, owners, proprietor or proprietors of the newspaper. If it is a partnership, the names of the partners should have been given. If owned by a limited partnership, the same rule would apply and the names of the partners, officers and managers of the partnership, or partnership limited, should be given. If the Clearfield Republican Publishing Company is a corporation, the names of the president, secretary and treasurer should have been given. In brief, we consider the attempt of the defendant to comply with the act of assembly in question a failure in so far as a disclosure of anything except the name of the editor is attempted."

The assignment of error is overruled and the judgment of the Superior Court affirmed.